# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTOPHER ANTHONY WORCESTER,

    Petitioner,

v.                                                  Case No. 19-13801

ANDREA ELIZABETH GRIEB,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S REQUEST FOR PRELIMINARY INJUNCTION, GRANTING ALTERNATIVE RELIEF IN THE FORM OF A TEMPORARY RESTRAINING ORDER, AND SETTING SHOW CAUSE HEARING FOR WHY PETITION SHOULD NOT BE GRANTED

On December 30, 2019, Petitioner Christopher Anthony Worcester, a citizen and resident of the United Kingdom, filed a petition and ex parte motion for preliminary judgment for immediate custody of his minor child, Elio Ascanio Grieb. Petitioner asserts that the child's mother, Respondent Andrea Elizebeth Grieb, removed the child from his country of residence, the United Kingdom, in violation of the International Child Abduction Act ("ICAA") of the Hauge Convention. The court held an ex parte telephone conference on the record with Plaintiff's counsel on January 2, 2020, to discuss the requested injunctive relief. Although Petitioner requested a preliminary injunction, such relief cannot be awarded without notice to the opposing party. Fed. R. Civ. P. 65(a)(1). Thus, the court will deny Petitioner's request for a preliminary injunction and grant alternative relief in the form of a temporary restraining order. The court will also order Respondent to show cause at a hearing why the petition should not be granted and the child returned to Petitioner.

Under the ICAA, the court has the power to issue provisional remedies pursuant to federal law "to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004. Based on Petitioner's filings and the court's discussions with counsel, the court is persuaded that immediate injunctive relief under Federal Rule of Civil Procedure 65(b) is appropriate pending a hearing. The court finds that all of the factors for granting a preliminary injunction weigh in favor of Petitioner. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citation omitted) ("(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction."). In particular, the first two factors weigh heavily in Petitioner's favor. Based on the information presented at this stage in the proceedings, the court is persuaded that Petitioner has a high likelihood on success of the merits of his petition and that he will suffer irreparable harm should Respondent attempt to conceal the location of the child or remove the child from the jurisdiction of this court before the entry of final judgment. Additionally, the court is persuaded that the injunctive relief to be entered will not cause substantial harm to Respondent of the child because it preserves the status quo of Respondent's residence. Finally, the court concludes that public policy favors immediate relief to afford force to international law.

The court will schedule a hearing at the time described below at which Repondent must show cause why the petition should not be granted and the child be

returned to the Petitioner.

The court finds good cause under Rule 65(b)(2) to extend the injunction past 14 days based on Petitioner's need to effectuate service from another country and to allow Respondent ample time to obtain an attorney and prepare a defense to the serious allegations raised by Petitioner. Additionally, pursuant to Rule 65(c), the court will require Petitioner to post a bond in the nominal sum of $1,000. However, the Temporary Restraining Order shall be effective immediately. Accordingly,

IT IS ORDERED that Petitioner's motion for preliminary injunction (ECF No. 3) is DENIED and that alternative relief in the form of a temporary restraining order is GRANTED. The terms of the temporary restraining order will substantially mirror the proposed terms submitted by the Petitioner and will issue through a separate order of this court.

IT IS FURTHER ORDERED that Respondent shall show cause why the Petition should not be granted and the child be returned to the custody of the Petitioner on **Monday, February 3, 2020, at 3:00 pm, at the United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin Courthouse, 231 West Lafayette Boulevard, Courtroom 218, Detroit, Michigan 48226.**

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 2, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 2, 2020, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\19-13801.WORCESTER.tro.international.child.abduction.HEK.docx